# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | |
| Plaintiff, | 8:18CV185 |
| vs. | MEMORANDUM AND ORDER |
| JOSE M. PALOMARES and TERESA C. PALOMARES, individually and d/b/a PALETERIA Y RESTAURANT SAN LUIS a/k/a RESTAURANT SAN LUIS, | |
| Defendants. | |

This matter is before the Court on the Motion for Attorney Fees and Costs, ECF No. 17, and Motion to Review Costs Taxed, ECF No. 21, filed by Plaintiff J & J Sports Productions, Inc. (J&J). For the reasons stated below, the Motion for Attorney Fees and Costs will be granted, in part, and the Motion to Review Costs Taxed will be denied.

## BACKGROUND

On October 15, 2018, the Court issued a default judgment in favor of J&J and against the Defendants on J&J's claim under 47 U.S.C. § 605. ECF No. 15 & 16. J&J subsequently moved for recovery of its attorney fees and costs under 47 U.S.C. § 605(e)(3)(B)(iii), which provides that courts "shall direct the recovery of full costs, including awarding reasonable attorney's fees to an aggrieved party who prevails." ECF No. 17. On November 20, 2018, the Clerk taxed costs in the amount of $455.00 and denied J&J's request for investigative costs in the amount of $655.00. J&J's initial Motion for Attorney Fees and Costs sought its attorney fees and costs, including investigative costs under 47 U.S.C. § 605(e)(3)(B)(iii), and its subsequent Motion to Review Costs

Taxed clarified its position that although investigative costs are not taxable they are recoverable under §605(e)(3)(B)(iii).  Thus, the only two issues presented by J&J's Motions are the amount of attorney fees and whether J&J is entitled to recover its investigative costs.

**DISCUSSION**

**I. Attorney Fees**

J&J requested attorney fees in the amount of $3,354.00.

Under § 605(e)(3)(B)(iii), the Court must award J&J its reasonable attorney fees. To calculate a reasonable attorney's fee, "courts typically begin by using the lodestar method[,]" which "multiplies the number of hours reasonably expended by the reasonable hourly rates." *Brewington v. Keener*, 902 F.3d 796, 805 (8th Cir. 2018) (quoting *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)).  "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates."  *Id*.  "There is no precise rule or formula for making these determinations."  *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)).  A district court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for . . . limited success." *Id.*

The rates charged by J&J's attorneys are unreasonably high for the Omaha market.  *See generally Petrone v. Werner Ents., Inc.*, 8:11CV401, 8:12CV307, 2018 WL 816250, at *6 (D. Neb. Feb. 9, 2018) ("This Court has generally approved rates between $225-325/hour for partners with less than 25 years of experience and rates of $175-200 for work done by associates.").  According to the itemized timesheet submitted with J&J's Motion, ECF No. 17-2, Page ID 100-102, J&J was billed $954.00 (9.54 hours at $100 per

2

hour) for administrative assistant services; $1,200 (4.00 hours at $300 per hour) for research attorney services; and $1,200 (2.40 hours at $500 per hour) for attorney services provided by Thomas Riley ($3,354.00 total). Although J&J acknowledges that these rates exceed the prevailing rate in Omaha, it argues the rates are nevertheless reasonable given Thomas Riley's expertise in a specialized and complex area of the law—commercial signal piracy claims. *Petrone*, 2018 WL 816250, at *6 (recognizing that "attorneys specializing in complex areas of the law may be entitled to a higher, non-local rate") (internal quotation omitted). Yet this case did not involve any degree of complexity and required no exceptional level of expertise. *J & J Sports Prods., Inc. v. Argueta*, Case No. 5:15-CV-05200, 2017 WL 628299, at *2 (W.D. Ark. Feb. 15, 2017) (quoting *J & J Sports Prods., Inc. v. Bar & Lounge, LLC*, 648 F. Supp. 2d 469, 475 (E.D.N.Y. 2009) (noting the "cumulative, boilerplate nature of Cable Act cases")). Thus, the Court finds that J&J's request for attorney fees in the amount of $3,354.00 is unreasonable.

J&J's attorneys have less than 25 years of experience, the Defendants failed to appear, and this case was, overall, routine. Therefore, the Court will award J&J its attorney fees at the low end of the prevailing rate for the Omaha market as follows: $225/hour for attorney services provided by Thomas Riley; $175/hour for research attorney services; and $50/hour for administrative assistant services. *Petrone*, 2018 WL 816250, at *6. Based on this adjusted rate, J&J is entitled to recover its attorney fees in the amount of $1,717.00.

**II. Investigative Costs**

J&J also seeks to recover its investigative costs in the amount of $655.00.

It is established that investigative costs are not taxable under Federal Rule of Civil Procedure 54(d), *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012), but J&J argues that such costs are recoverable under 47 U.S.C. § 605(e)(3)(B)(iii). As the Court previously noted, § 605(e)(3)(B)(iii) requires the Court to "direct the recovery of full costs, including awarding reasonable attorney's fees to an aggrieved party who prevails." Some courts have interpreted "full costs" to mean "taxable costs," which exclude investigative costs, but others have held that "full costs" extend beyond taxable costs and include investigative costs. *Compare Argueta*, 2017 WL 628299, at *3 ("The Court does not believe "full costs" extends to the $650.00 investigative fee."), *with Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 66 (E.D.N.Y. 2006) (finding § 605(e)(3)(B)(iii) permits, but does not require, district courts to direct the recovery of investigative costs).

Even if the Court were to find that investigative costs are recoverable under § 605(e)(3)(B)(iii), J&J provided no evidence with its Motion regarding the investigator's hourly rate, the amount of time spent on the investigation, or the investigator's qualifications. Invoice, ECF No. 17-2, Page ID 105. *Autar*, 426 F. Supp. 2d at 67 (requiring documentation of the time necessary for the investigation, the investigator's hourly rate, and the investigator's qualifications). J&J only submitted the investigator's bill for $655.00 which lacks any of the foregoing information. Thus, assuming, without deciding, that investigator costs are recoverable under § 605(e)(3)(B)(iii), the Court has no way of determining whether the amount J&J requested is reasonable and will, therefore, deny its request to recover those costs. Accordingly,

4

IT IS ORDERED:

1. The Motion for Attorney Fees and Costs, ECF No. 17, filed by Plaintiff J&J Sports Productions, Inc., is granted, in part, as follows:

    J & J Sports Productions, Inc. is awarded attorney fees in the amount of $1,717.00;

    The Motion is otherwise denied; and

2. The Motion to Review Costs Taxed, ECF No. 21, filed by Plaintiff J & J Sports Productions, Inc., is denied.

Dated this 29th day of November, 2018.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge